IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| In re WILLIAM PAUL BURCH,  §<br>  §<br>Debtor,  §<br>  §<br>WILLIAM PAUL BURCH,  §<br>  §<br>Appellant,  §<br>  §<br>v.  §<br>  §<br>AMERICA'S SERVICING  §<br>COMPANY, *et al.*,  §<br>  §<br>Appellees.  § | Civil Action No. 4:19-cv-00470-O |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 14), filed September 6, 2019. In his Motion, Plaintiff seeks leave to proceed *in forma pauperis* on appeal. By Order dated September 10, 2019 (ECF No. 15), United States District Judge Reed O'Connor referred the Motion and all related responses, replies, briefs in support, appendices, etc. to the undersigned for hearing, if necessary, and determination or recommendation to Judge O'Connor.

According to the docket sheet in the adversary proceeding at issue in this case, Plaintiff paid the $350.00 fee to file the case on November 2, 2018. (ECF No. 1-1 at 8). The docket sheet also reflects that Judge Mullin denied Plaintiff's request to waive the filing fee to appeal the Bankruptcy Court's Final Judgment to this Court and ordered him to make that payment in installments. (ECF No. 153 in No. 18-4172- MXM, United States Bankruptcy Court for the Northern District of Texas).

Although the affidavit attached to the Motion does not identify any home or other real estate that Plaintiff and his wife own and lists zeros as the value of any home or other real estate,

the Court takes judicial notice of public records that reflect four parcels of real estate with significant values that Plaintiff or his wife own. Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of the websites of the Tarrant Appraisal District and the Dallas Central Appraisal District. According to the website of the Tarrant Appraisal District, Plaintiff and Juanita Burch are the current owners of a house located in Arlington, Texas, and Juanita Burch is the owner of the house in Grand Prairie, Texas located at the address Plaintiff lists as his address in this case. *See* https://www.tad.org/property/05043751/ and https://www.tad.org/property/40373657/, respectively (last visited September 20, 2019). The Arlington, Texas property was the subject of a civil action in this Court that was referred to the United States Bankruptcy Court for the Northern District of Texas. *See Burch v. Freedom Mortgage Corp.*, *et al.*, No 4:18-cv-0105-O. The website of the Dallas Central Appraisal District reflects that Plaintiff and Juanita Burch are the current owners of two houses located in Lancaster, Texas. *See* http://www.dallascad.org/AcctDetailRes.aspx?ID=36026500000420000 and http://www.dallascad.org/AcctDetailRes.aspx?ID=36073500020170000 (last visited September 20, 2019).

    Plaintiff has failed to fully identify his assets and has offered no explanation for why his sole or joint ownership of the four properties listed above should not disqualify him from proceeding *in forma pauperis* on appeal. The undersigned concludes that Plaintiff has sufficient financial resources to pay the filing fee to appeal this case to the United States Court of Appeals for the Fifth Circuit. Consequently, Judge O'Connor should **DENY** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 14), filed September 6, 2019.

    A copy of this Findings, Conclusions, and Recommendation shall be served on the parties and counsel in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be

specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on September 20, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE